UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AIUSHA DANDAROV, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> SAM OLSON, Immigration Customs ) </br> Enforcement and Removal Operations ) </br> Chicago Field Office Acting Director; ) </br> SANDRA SALAZAR, Immigration Customs ) </br> Enforcement and Removal Operations Chicago ) </br> Field Office; MARCOS CHARLES, Acting ) </br> Executive Associate Director, Enforcement ) </br> and Removal Operations; TODD M. LYONS, ) </br> Acting Director, Immigration Customs ) </br> Enforcement; KRISTI NOEM, Secretary of the ) </br> U.S. Department of Homeland Security; and ) </br> PAMELA BONDI, Attorney General of the ) </br> United States, in their official capacities, ) </br> ) </br> Respondents. ) | No. 25 C 12668 </br></br> Judge Sara L. Ellis |

### ORDER

The Court grants Petitioner's second amended petition for writ of habeas corpus [14]. The Court orders Petitioner's immediate release. The Court further orders that Respondents provide Petitioner with a bond hearing within 14 days, at which Respondents will have the burden to show by clear and convincing evidence that Petitioner poses a danger to the community or poses a risk of flight such that detention is necessary. The Court enjoins Respondents from denying Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him. See Statement.

### STATEMENT

Petitioner Aiusha Dandarov, who is a Russian citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 17, 2025, following his arrest and detention on October 15, 2025 by immigration officials in the Chicagoland area. On October 22, 2025, Dandarov filed an amended petition for writ of habeas corpus. On October 28, 2025, Dandarov filed a second amended petition for writ of habeas corpus. Respondents have taken the position that Dandarov is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pursuant to a recently adopted Department of Homeland Security ("DHS") policy, issued on July 8, 2025, which instructs immigration officials to consider anyone inadmissible under § 1182(a)(6)(A)(i)

as "applicants for admission." Dandarov claims that he instead is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and that application of § 1225(b)(2)(A) to him constitutes unlawful detention, violates the Immigration and Nationality Act ("INA"), that Respondents have deprived him of due process by failing to provide him with a bond redetermination hearing, and that Respondents' position violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 553. Dandarov asks the Court to issue a writ declaring Respondents' detention of him under 8 U.S.C. § 1225(b)(2)(A) unlawful and ordering Respondents to release him.

Dandarov entered the United States on or about December 6, 2022 though a Customs and Border Protection ("CBP") point of entry near San Ysidro, California. CBP issued Dandarov a form I-94, granting him parole under INA § 212(d)(5). Dandarov also received an I-862 Notice to Appear ("NTA") for an initial hearing in normal removal proceedings in the Chicago Immigration Court on September 11, 2023. CBP then released Dandarov into the United States.

On February 17, 2023, Dandarov filed an I-589 application for asylum and withholding of removal, expressing a fear to return to Russia based on experiencing past persecution and fearing future persecution. On August 6, 2025, the Chicago Immigration Court denied Dandarov's asylum application. Dandarov then timely filed his notice of appeal form EOIR-26 with the Board of Immigration Appeals ("BIA") on August 25, 2025.

On October 15, 2025, Immigration and Customs Enforcement ("ICE") agents detained Dandarov without a warrant. The agents asked Dandarov if his name was "Bulat," to which Dandarov responded in the negative. Respondents brought Dandarov to ICE's facility in Broadview, Illinois, where he spent five days and nights sleeping on the floor of a room with fifty other detainees. Dandarov suffers from high blood pressure and left-kidney hydronephrosis. To manage the high blood pressure, Dandarov takes medication, but he initially did not have access to the medication in detention. After ten days in detention, Respondents provided Dandarov with a medication, but one that is different than what Dandarov's doctor prescribed him.

The Court held a telephonic hearing with the parties the day Dandarov filed his original habeas petition and ordered that Respondents not remove Dandarov from the jurisdiction of the United States and not transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 7. The Court also ordered both parties' counsel to confer and ensure that Dandarov is receiving his medication while in detention.

The Court held a subsequent hearing with the parties on October 24, 2025, at which the parties agreed to a briefing schedule to allow Dandarov to file a second amended petition. Dandarov filed his second amended petition on October 28, 2025, and Respondents filed their response on October 30, 2025. The Court held a hearing on November 3, 2025 and orally ordered the immediate release of Dandarov. The Court briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Dandarov's habeas claim because he challenges the lawfulness of his current detention, not the underlying merits of his immigration status or their arrest. None of the jurisdiction-stripping provisions of § 1252 apply to this case

where Dandarov only challenges his allegedly unlawful detention without a bond hearing and not other immigration decisions. *See Loza Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to a challenge to the "extent of the Attorney General's authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

Next, while Respondents may argue that Dandarov has not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, 2025 WL 2962610, at *3–4. Instead, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Dandarov to first seek a bond hearing before an immigration judge and then appeal the decision of the immigration judge before the BIA would be futile given that Respondents maintain that Dandarov is subject to mandatory detention pursuant to § 1225(b)(2) and the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025).

This brings the Court to Dandarov's argument that his detention is governed by § 1226, which provides for discretionary detention of non-citizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). Those non-citizens already present in the United States may obtain a bond hearing before an immigration judge, at which the non-citizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. But, as the overwhelming majority of courts to consider this issue across the country have concluded, this interpretation "(1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with

3

decades of prior statutory interpretation and practice." *Alejandro v. Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); *see also Loza Valencia*, 2025 WL 3042520, at *2–3; *H.G.V.U.*, 2025 WL 2962610, at *4–6; *Ochoa Ochoa*, 2025 WL 2938779, at *5–7 & n.8. The Court joins this majority and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to non-citizens who are already present in the country, such as Dandarov. Given this, the Court finds that Dandarov is not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to his detention, under which he is entitled to a bond hearing before an immigration judge.

The Court also finds that Dandarov's detention violates due process. The Due Process Clause applies to non-citizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Dandarov's detention, he is entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Dandarov's continuing detention without such a bond hearing amounts to a due process violation. *Loza Valencia*, 2025 WL 3042520, at *3; *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

Therefore, the Court finds it appropriate to grant Dandarov's habeas petition. The Court orders Respondents to immediately release Dandarov from custody and to provide him with a bond hearing pursuant to § 1226(a) within fourteen days of this order. At that bond hearing, Respondents will have to show by clear and convincing evidence that Dandarov poses a danger to the community or poses a risk of flight such that detention is necessary. *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases). The Court also enjoins Respondents from denying Dandarov bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.

Date: November 3, 2025                                    /s/__Sara L. Ellis_____